**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TONYA BETHEA,<br>Plaintiff,<br>v.<br>STATE OF NEW JERSEY et al,<br>Defendants. | Civil Action No. 25-17792 (RK) (TJB)<br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Defendants the State of New Jersey, the New Jersey Department of Human Services, and the Ann Klein Forensic Center's (collectively, the "State Defendants"[1]) Motion to Dismiss (ECF No. 6; "MTD," ECF No. 6-1) *pro se* Plaintiff Tonya Bethea's ("Plaintiff") Complaint ("Compl.," ECF No. 1). The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the State Defendant's Motion is **GRANTED.**

## I. BACKGROUND

Plaintiff, an employee at Defendant Ann Klein Forensic Center, alleges that on November 21, 2023, she was the victim of an aggressive confrontation by Defendant Keva Square, a Senior

[1] It is unclear precisely which state entities Plaintiff names in her Complaint. The list of "Parties" in Plaintiff's Complaint suggests that there are only two State Defendants: Ann Klein Forensic Center, (Compl. ¶ 5), and "State of New Jersey, Department of Human Services," referring to the *singular* "public entity responsible for the management training and supervision" of state employees, (*id.* ¶ 4). However, based on the caption of Plaintiff's Complaint and on the Court's electronic docket, as well as Plaintiff's Opposition to the instant Motion, the Court construes the "State of New Jersey" and the "Department of Human Services" as separate Defendants. (*Id.* at 1; ECF No. 8 at 3 ("[T]he named Defendants include the State of New Jersey, the Department of Human Services, and the Ann Klein Forensic Center.").)

Medical Security Officer also employed at Ann Klein Forensic Center.[2] (Compl. ¶¶ 3, 6, 9–10.) Plaintiff alleges that Defendant Square "approached Plaintiff aggressively, yelling, cursing, and belittling her without provocation." (*Id.* ¶ 10.) Per Plaintiff, Defendant Square "grabbed Plaintiff by the shirt collar and brandished a pair of scissors above Plaintiff's head in a threatening manner[] twice." (*Id.* ¶ 11.) Plaintiff submitted a "complaint of workplace violence" the next day. (*Id.* ¶ 14.) An investigation "confirmed Ms. Square's conduct violated New Jersey Workplace Violence Policy." (*Id.* ¶ 15.) Although the Complaint does not specify what happened in the immediate aftermath of the incident—in particular, what happened to Defendant Square—Plaintiff does allege that Defendants (without differentiating which ones) "failed to implement sufficient training, supervision, or preventive measures to protect Plaintiff and other employees" from future incidents. (*Id.* ¶ 16.)

On November 19, 2025, almost two years later, Plaintiff submitted an "Initial Notice of Claim for Damages Against the State of New Jersey" as part of the requirements of the New Jersey Tort Claims Act ("NJTCA"). (*See* ECF No. 6-3 at 6[3]); N.J. Stat. Ann. § 59:8-8. The next day, Plaintiff filed the instant suit against the State Defendants, Keva Square, and ten John/Jane Doe "supervisors, managers, or investigators responsible for employee safety and conduct at the Ann Klein Forensic Center."[4] (Compl. ¶¶ 4–7.) The Complaint asserts four Counts: (1) failure to train

---

[2] Plaintiff does not specify her position at Ann Klein Forensic Center. Furthermore, based on her allegations, both she and Defendant Square are still employed at Ann Klein Forensic Center. (Compl. ¶¶ 3, 6.)

[3] As an exhibit to their Motion, the State Defendants have attached Plaintiff's Notice, which the Court cites to by PDF page number. Plaintiff does not dispute the authenticity of this Notice in her Opposition. "Because the NJTCA's notice requirement is jurisdictional, the Court may consider facts outside of the Complaint in assessing Plaintiff['s] compliance with that requirement under Rule 12(b)(1)." *Mattiaccio v. Scharfenberg*, No. 23-23037, 2025 WL 1879226, at *15 n.23 (D.N.J. July 8, 2025) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).

[4] The individual Defendants—Keva Square and the John/Jane Does—are sued "individually and in his/her or their official capacities." (Compl. ¶ 8.)

or supervise under 42 U.S.C. § 1983 against the State Defendants, (2) a "Hostile Work Environment/Workplace Violence" claim under Section 1983 and state law against the State Defendants, (3) assault and battery against Defendant Square, and (4) a "Negligent Retention and Supervision" claim under state law against the State Defendants.[5] (*Id.* ¶¶ 18–21.) On January 23, 2026, the State Defendants filed the instant Motion, arguing that the Court lacks jurisdiction over Plaintiff's claims against them.[6] (MTD.) Plaintiff opposed, (ECF No. 8), and the State Defendants replied, (ECF No. 9). Plaintiff also filed an unauthorized sur-reply. (ECF No. 11); L. Civ. R. 7.1(d)(6).

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear the claim. Fed. R. Civ. P. 12(b)(1). State sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction" and may be invoked in a Rule 12(b)(1) motion. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). The Eleventh Amendment, as construed by relevant caselaw, "has been interpreted to make states generally immune from suit by private parties in federal court." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001) (collecting cases). "This immunity extends to state agencies and departments." *Id.* (citing *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)). Sovereign immunity is subject to narrow exceptions. *See id.* As relevant here, the *Ex parte Young*, 209 U.S. 123 (1908), doctrine

[5] For Counts One, Two, and Four, the Complaint merely states that these claims are asserted against "Defendants," without specifying *which* Defendants. (Compl. ¶¶ 18–19, 21.) Although the allegations are vague, the Court construes such allegations—made generally for failing to train, supervise, address a hostile work environment, and hiring Defendant Square—as alleged against the State Defendants, not Defendant Square.

[6] The State Defendants' Motion does not seek dismissal of the claims against Defendant Square, (*see generally* MTD), or the various Doe Defendants, (ECF No. 9 at 2). Defendant Square is represented by separate counsel and separately answered the Complaint. (ECF No. 12.)

allows "suits against state *officials* in certain circumstances." *Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 238 (3d Cir. 2020) (citing *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55 (2011)). "Under the *Ex parte Young* doctrine, a state official is stripped of his official or representative character and thereby deprived of the State's immunity when he commits an ongoing violation of federal law," allowing "a person who is aggrieved [to] . . . seek prospective relief by suing [that state official] in his official capacity." *Id.* (cleaned up).

Similarly, the NJTCA specifies procedures for a limited waiver of New Jersey's sovereign immunity to tort claims. *D.D. v. Univ. of Medicine & Dentistry of N.J.*, 61 A.3d 906, 915 (N.J. 2013) (citing N.J. Stat. Ann. § 59:1-1 *et seq.*) ("The Act both defines the extent of the Legislature's waiver of sovereign immunity and establishes the procedures by which claims may be brought." (cleaned up) (quoting *Beauchamp v. Amedio*, 751 A.2d 1047, 1049 (N.J. 2000)). "Among those procedures is the requirement that a timely pre-suit notification about the existence of a claim and its particulars be provided to the defendants." *Id.* (citing N.J. Stat. Ann. § 59:8-8). The statutory timeframe for this pre-suit notice requirement is 90 days after a cause of action accrues. N.J. Stat. Ann. § 59:8-8. Claimants that fail to timely submit this notice within 90 days are "forever barred from recovering against a public entity or public employee," unless a "judge of the [New Jersey] Superior Court" determines, within a year of accrual of the claim, that "extraordinary circumstances" exist for the failure to file the required notice. *Id.* §§ 59:8-8, -9.

## III. DISCUSSION

The Court notes at the outset that Plaintiff's thin, 4-page Complaint is dismissible on Rule 8 grounds, at least with respect to the claims against the State Defendants. *See* Fed. R. Civ. P. 8(a). Nowhere in Plaintiff's nine (9) total sentences of factual allegations does she provide individualized and specific allegations against the State Defendants to put them on notice of the

claims against them, a fatal deficiency under Rule 8. (*See* Compl. ¶¶ 9–17); *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023). Nonetheless, the Court can still determine from the Complaint's sparse allegations that Plaintiff fails to allege subject matter jurisdiction over the State Defendants.

### A. Sovereign Immunity

Counts One and Two are barred by sovereign immunity.[7] Plaintiff's allegations for these two Counts are against New Jersey and assorted state agencies with sovereign immunity. (Compl. ¶¶ 4–5, 18–19); *MCI Telecomm. Corp.*, 271 F.3d at 503; *Udoh v. Ferguson*, No. 13-7490, 2018 WL 623664, at *4 (D.N.J. Jan. 30, 2018) (concluding that Ann Klein Forensic Center is entitled to Eleventh Amendment sovereign immunity), *aff'd*, 740 F. App'x 240 (3d Cir. 2018) (per curiam). Such immunity protects the State Defendants from Plaintiff's request for retrospective relief, "such as money damages." *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03 (1984)).

Even to the extent Plaintiff seeks prospective injunctive relief, her claims do not fall under the *Ex parte Young* exception. (Compl. ¶ 23 (requesting injunctive relief to "implement adequate training, supervision, and protective measures").) Under this exception, Plaintiff's claims are not barred by sovereign immunity where they "seek prospective relief by suing [a state official] in his

[7] Although Plaintiff does not specify the "State Law" Count Two is brought under alongside her federal Section 1983 claim, the Court construes the claim as one under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1, *et seq.*; *see Mervilus v. Union County*, 73 F.4th 185, 193 n.4 (3d Cir. 2023) (analyzing Section 1983 and New Jersey Civil Rights Act claims together). While the NJTCA waives New Jersey's sovereign immunity in limited circumstances, as discussed below, Plaintiff does not argue that the New Jersey Civil Rights Act waives sovereign immunity or that Section 1983 abrogates it. *See Quern v. Jordan*, 440 U.S. 332, 339–45 (1979) (holding that Section 1983 does not abrogate sovereign immunity); *Balsam v. Guadagno*, No. 14-1388, 2014 WL 4054051, at *5 (D.N.J. Aug. 14, 2014) (concluding, without argument from Plaintiff, that sovereign immunity barred Plaintiff's New Jersey Civil Rights Act claims). To the extent Plaintiff intended Count Two to be an unspecified tort claim, it is barred by her failure to comply with the NJTCA Notice provision discussed below with Count Four.

official capacity." *Waterfront Comm'n of N.Y. Harbor.*, 961 F.3d at 238 (cleaned up). With respect to the State Defendants and this requested relief in Counts One and Two, Plaintiff has not named any state officials in their official capacity that "ha[ve] some connection with the enforcement of the complained of act[s]." *Argen v. Att'y Gen. of N.J.*, No. 21-2571, 2022 WL 3369109, at *3 n.7 (3d Cir. Aug. 16, 2022) (cleaned up) (quoting *Finberg v. Sullivan*, 634 F.2d 50, 54 (3d Cir. 1980)). Because "[t]he *Ex Parte Young* exception applies only in actions against individual state officers[] and not to state agencies," Counts One and Two must be dismissed against the State Defendants. *Law Offs. of Lucas ex rel. Lucas v. Disciplinary Bd. of Sup. Ct. of Pa.*, 128 F. App'x 235, 237 (3d Cir. 2005) (citing *MCI Telecomm. Corp.*, 271 F.3d at 506).[8]

### B. NJTCA NOTICE OF CLAIM

Even if the NJTCA waives sovereign immunity in limited circumstances, Plaintiff's untimely Notice of Claim submission bars Count Four.[9] Per the Complaint, the alleged incident with Defendant Square occurred on November 21, 2023. (Compl. ¶ 9.) Plaintiff did not submit her Notice of Claim until almost two years later, in November 2025. (ECF No. 6-3 at 6.) This submission was well outside the 90-day window required by the NJTCA, N.J. Stat. Ann. § 59:8-8, and Plaintiff does not indicate that she ever submitted the required notice of late tort claim, N.J. Stat. Ann. § 59:8-9. This late notice of claim needed to be filed "*within one year after the accrual*"

---

[8] Plaintiff's unidentified John/Jane Doe Defendants do not remedy this Eleventh Amendment bar. (Compl. ¶ 7.) Even if those Doe Defendants are later identified, the *Ex parte Young* exception would still not allow for suit against the State Defendants. *Lucas*, 128 F. App'x at 237. Moreover, while Plaintiff is entitled to use fictitious defendants as stand-ins pre-discovery, such Doe defendants "must eventually be dismissed, if discovery yields no identities." *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998).

[9] Although the Plaintiff again does not specify the "State Law" basis for her "Negligent Retention and Supervision" claim in Count Four, the Court interprets the claim to be a New Jersey state law "tort of negligent hiring or retention of an incompetent, unfit or dangerous employee." (Compl. ¶ 21); *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982) (recognizing existence of tort and explaining requirements). To the extent Plaintiff intended this claim to be an additional claim under the New Jersey Civil Rights Act, it is similarly barred by sovereign immunity for the reasons described above with Counts One and Two.

of Plaintiff's claim. *Id.* (emphasis added). Such failure to provide timely notice is fatal to Count Four. *See Carmichael v. Camdem Cnty. Police Dep't*, No. 22-5019, 2026 WL 322514, at *12 (D.N.J. Feb. 6, 2026). To the extent Plaintiff asserts in her Opposition that extraordinary circumstances exist to allow for the late notice of claim, she needed to assert those extraordinary circumstances before a New Jersey Superior Court judge a year ago. *Id.* Accordingly, because the Notice of Claim requirement is jurisdictional, Count Four is dismissed for lack of jurisdiction. *Mattiaccio v. Scharfenberg*, No. 23-23037, 2025 WL 1879226, at *15 n.23 (D.N.J. July 8, 2025) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)); *see also Petruska*, 462 F.3d at 302 n.3 (explaining that Plaintiff bears the burden of proving jurisdiction on Rule 12(b)(1) motion).

Thus, because the Court lacks jurisdiction over Plaintiff's claims against the State Defendants, and the State Defendants are **DISMISSED WITHOUT PREJUDICE.** *Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (dismissal on threshold grounds, "like dismissals for lack of jurisdiction, should normally be without prejudice").

Therefore, it is on this 30th day of July, 2026, **ORDERED** that:

I. The State Defendant's Motion (ECF No. 6) is **GRANTED**;

II. The State Defendants are **DISMISSED WITHOUT PREJUDICE**;

III. The Clerk's Office is directed to **CLOSE** the motion pending at ECF No. 6.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE